UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ANTONIO HERNANDEZ, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 19-220-DCR |
| ) | |
| V. ) | |
| ) | |
| WARDEN BARNHART, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Antonio Hernandez, Jr., has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] After reviewing the petition, the Court will deny the requested relief. This statutory section is not the proper mechanism for Hernandez to pursue his claims.

**I.**

Following a five-week trial, a jury convicted Hernandez and four of his family members of various charges related to a 1989 murder-for-hire, subsequent arson, and insurance fraud. *United States v. Hernandez*, et al., Case No. 94-CR-262-UU-3 (S.D. Fla. 1996). Hernandez was convicted of conspiracy, murder-for-hire, and arson, for which he was sentenced to a term of life imprisonment. *Id.* at Record No. 405. He appealed the murder-for-hire conviction, claiming that there was insufficient evidence to find him guilty beyond a reasonable doubt. The United States Court of Appeals for the Eleventh Circuit, however, disagreed. *United States v. Hernandez*, 141 F.3d 1042, 1056-59 (11th Cir. 1998).

Since that time, Hernandez has filed at least two § 2255 petitions,[1] a motion for relief from his judgment,[2] and a § 2241 petition asserting actual innocence under *Jones v. United States*, 529 U.S. 848 (2000), and *Rosemond v. United States*, 572 U.S. 65 (2014).[3] Each petition and motion was denied.

Hernandez now seeks relief in this Court by way of a § 2241 petition. [Record No. 1] Her claims that his sentence violates the Sixth Amendment because judge-found facts (specifically, whether a first-degree murder occurred) increased his mandatory minimum sentence. [Record No. 1-1] The Court conducts a preliminary review of habeas corpus petitions and denies relief if it plainly appears that the petition is not entitled to such relief. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

## II.

Federal prisoners typically challenge the validity of their federal convictions under 28 U.S.C. § 2255, whereas petitions brought under § 2241 are usually limited to claims challenging the manner or execution of an individual's sentence. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). In limited circumstances, however, a federal prisoner can use § 2241 to challenge the conviction or imposition of his sentence. But a petitioner cannot bring a § 2241 petition as an alternate or additional remedy to the one available under §

---

[1] *See Hernandez*, 1:04-cr-2062-UU-3, at Record No. 601; *Hernandez v. United States*, Case No. 1:04-cv-20771-SH (S.D. Fla. 2004), at Record No. 11.
[2] *Hernandez*, 1:04-cr-2062-UU-3, at Record No. 661.
[3] *Hernandez v. Butler*, Case No. 6:14-cv-215-DLB (E.D. Ky. 2014), at Record No. 5.

2255. *See* 28 U.S.C. § 2255(e); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Until recently, claims alleging actual innocence of a sentence enhancement could not be raised under § 2241. *See, e.g.*, *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). But *Hill v. Masters* allowed a petitioner to challenge his misapplied sentence where he could show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect." *See* 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)).

Hernandez does not fit within the extraordinarily narrow framework set forth in *Hill* for several reasons. First, he does not explain why he could not bring the argument presented in this petition in his initial § 2255 motion. Put another way, Hernandez fails to demonstrate that he had "no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, ___ F.3d ___, No. 17-4257, at *13 (6th Cir. Sept. 19, 2019). As the Sixth Circuit recently explained, "a claim for habeas relief is more than the talismanic force of a new case name. A new case matters only, if at all, because of the *new legal arguments* it makes available." *Id.* at *14 (emphasis in original). Hernandez alleges the imposition of his sentence enhancement violated the Sixth Amendment, but he has not identified anything that prevented him from making this argument at his sentencing, on direct appeal, or in his initial § 2255 motion. *See id.* at *15.

Hernandez also fails to identify a retroactive decision of statutory interpretation that applies to his sentence. He primarily relies on *Alleyne v. United States*, 570 U.S. 99 (2013),

and *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018), to argue that his sentence was improperly enhanced. [Record No. 1-1] But neither holding is a retroactive decision of statutory interpretation. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014) (explaining *Alleyne* is not retroactive on collateral review); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (identifying *Alleyne* as a new rule of constitutional—not statutory—interpretation). The same is true for the other cases to which Hernandez gives a hat tip.[4] Therefore, Hernandez does not fit within the narrow category of petitioners allowed to challenge their sentences under § 2241. *See Hill*, 836 F.3d at 595; *Wright*, ___ F.3d ___, No. 18-4257 (6th Cir. Sept. 19, 2019).

Accordingly, it is hereby

**ORDERED** that Petitioner Antonio Hernandez, Jr.'s petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

Dated: September 27, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[4] In addition to *Alleyne* and *Robinson*, Hernandez "invokes" eight other Supreme Court decisions. But Hernandez does not seriously explain how these decisions relate to the merits of his case and, in any event, the decisions are ones of constitutional, not statutory, interpretation. [Record No. 1-1 at 10]